Martin, J.
The plaintiff was surety, on a twelve-month bond, under the act of 1817, for Martin, on a fi. fa. against the latter, and Mulhollan. Martin died before the expiration of the year, and the present defendant, plaintiff in the execution, took a fi. fa. against the present plaintiff, who obtained an injunction on an allegation, that his principal has left a considerable estate, &c. On a dissolution of the injunction, and setting aside the fi. fa. the present defendant, plaintiff in the execution, appealed.
The 15th section of the act cited, provides, that the bond shall be returned with the execution, lodged with the clerk, and shall have the force of a judgment.
It is contended, that Bynum, the appellee, is only a surety, and as such entitled to all the benefits which his principal may claim; that the judgment as to the latter, cannot be executed, till revived against his heirs.
The appellee is liable as upon a final judgment; the death of Martin does not place him in a better condition. It is true, the heirs *425 of the latter may discharge themselves, by shew jug an acceptance under the benefit of an inventory and want of assets. But this was not one of the benefits which their ancestor might have claimed. Such a circumstance would be one of those which the law meant to provide against by requiring a surety.
Baldwin for the plaintiff, Wilson for the defendant.
I think the district judge erred; the judgment ought to be reversed, so far as it sets the execution aside, and the appellee must pay the costs of this appeal.